**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                  No. 98-4086

TROY M. GRIER,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, District Judge.
(CR-95-207-MU)

Submitted: August 4, 1998

Decided: August 20, 1998

Before WIDENER, ERVIN, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Aaron E. Michel, Charlotte, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, Brian L. Whisler, Assistant United
States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Troy Grier appeals from the sentence imposed by the district court after pleading guilty to conspiracy to commit offenses against the United States (counterfeiting, bank fraud, and postal theft) in violation of 18 U.S.C. § 371 (1994). Grier appeals his sentence. We affirm.

In March 1995, Grier met Celeste Roseboro and Yuri Southerland, who invited Grier to participate in their scheme to defraud merchants and banks by passing fake checks for cash and merchandise. Grier drove Roseboro and Southerland to various banks and merchants and Southerland paid Grier $150 per day. Grier was involved in the scheme from May 1995 to August 1995 and had also attempted to pass stolen checks with forged signatures.

Grier first asserts that the district court erred in applying U. S. Sentencing Guidelines Manual § 3C1.1 (1997), which provides for a two-level enhancement if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede the administration of justice during the investigation, prosecution, or sentencing of the instant offense." During sentencing, the prosecutor presented evidence that Grier failed to appear at his sentencing hearing in August 1997 and that the United States Marshals attempted to locate Grier and serve an arrest warrant. When the marshals located Grier, they approached him and told him to put his hands where they could see them. Grier, who was in his vehicle at the time, sped off at a high rate of speed. The marshals pursued but failed to catch him. Grier eventually surrendered.

Grier asserts that mere flight from arrest does not warrant an enhancement for obstruction of justice under the Guidelines. The question of whether flight from arrest qualifies as obstruction of justice involves a legal interpretation of the guidelines, and as such, the determination made by the district court is reviewed de novo. See United States v. Daughtrey, 874 F.2d 213, 217-18 (4th Cir. 1989). This court has stated that "endangering others during flight or in the course of resisting arrest involves active, willful behavior; in contrast, mere flight or disagreeableness during an encounter involves more passive or instinctive conduct." United States v. John, 935 F.2d 644,

2

648 (4th Cir. 1991). Grier's leading the marshals on a high speed chase constituted active and willful behavior in contrast to passive conduct and could have resulted in harm to the marshals or innocent bystanders. See United States v. Hicks, 948 F.2d 877, 884 (4th Cir. 1991). We find, therefore, that the district court correctly enhanced Grier's sentence for obstruction of justice.

Grier next asserts that the district court erred in its determination of the amount of loss attributable to him. Specifically, Grier contests the length of his involvement in the conspiracy. A district court's finding of amount of loss is generally a factual question reviewed for clear error. See United States v. Chatterji, 46 F.3d 1336, 1340 (4th Cir. 1995).

The presentence report establishes that Grier was involved in the conspiracy for approximately three months. Grier admitted in an interview with the probation officer that he worked for Roseboro and Southerland from May through August 1995. At sentencing, the district court adopted the presentence report's factual findings and determined that Grier was accountable for three months of the loss attributable to the overall conspiracy. Grier did not present any evidence at the sentencing hearing establishing that he was not involved in the conspiracy for that amount of time. Thus, we find that the district court's loss amount calculation was not clearly erroneous.

Finally, Grier asserts that he should have received a reduction for his "minor" role in the offense. The district court's determination of a defendant's role in the offense is reviewable under the clearly erroneous standard. See Daughtrey, 874 F.2d at 218.

A defendant's role in the offense is determined by the entirety of his relevant conduct, not simply by actions encompassed by the count of conviction. See United States v. Fells, 920 F.2d 1179, 1184 (4th Cir. 1990). Grier fails to establish that his actions within the conspiracy made him less culpable than his other co-conspirators. The record shows that Grier passed stolen checks and was more than just a minor participant. Thus, the district court did not err in declining to adjust Grier's sentence to reflect a minor role in the conspiracy.

Accordingly, we affirm Grier's sentence. We dispense with oral argument because the facts and legal contentions are adequately pre-

3

sented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4